[Cite as *Batcher v. Pierce*, 2018-Ohio-3766.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KENNETH BATCHER | C.A. No.      28797 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SERENA PIERCE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.      DR-2007-04-1123 |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2018

---

CARR, Judge.

{¶1} Appellant Serena Pierce ("Mother") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm in part, and reverse in part.

I.

{¶2} Much of the history of this case was recited in a prior appeal. *See Batcher v. Pierce*, 9th Dist. Summit Nos. 27415, 27497, 2015-Ohio-2130, ¶ 2-7. Our discussion in this appeal will be limited to the facts relevant to the matter before us. Mother and Appellee Kenneth Batcher ("Father") were divorced in 2008. The divorce decree incorporated a separation agreement and a shared parenting plan. The shared parenting plan included a provision addressing child support and health care for the parties' four children. It provided that "[t]he parents agree to divide the out of pocket co-pays or deductibles on such insurance and the cost of uninsured vision, prescription, medical, dental, orthodontic, psychological, or other treatment

equally after Mother pays the first $100 per child per year." That provision was subsequently modified to alter the apportionment to provide that 83% of the expenses would be paid by Father and 17% paid by Mother, after Mother paid the first $100 of each child's expenses per calendar year.

{¶3} On August 13, 2015, Father filed a motion to reduce child support arguing that there had been a substantial change of circumstances not contemplated by the parties. Father noted that Mother was employed and was in the process of getting a divorce from her then-spouse. Additionally, the parties' oldest son was soon to turn 18 and graduate from high school. A hearing before a magistrate was held May 9, 2016.

{¶4} At the hearing, the parties orally entered an agreement on the record, which was to be retroactive to the date of the motion. The agreement provided that the tax exemption would not change. Additionally, it provided:

> Now, we are modifying child support back to that date to the present date. And it's from – that – those two time periods are going to be $1,700 per month. Then, on May 21st, when the eldest son emancipates, it will go to $1,600 per month.
>
> We are agreeing that if [Mother] does get some sort of spousal support in her presently-pending divorce case, that is not going to constitute a change of circumstances, but we're also agreeing that any future changes in circumstances other than that is experienced by either party could constitute an appropriate change of circumstances to file a motion with this Court and further modify.

Mother and Father accepted the above terms. No exhibits, testimony, or stipulations concerning income or expenses were admitted at the hearing.

{¶5} The magistrate issued a decision which included a completed child support worksheet. The findings of the magistrate included a statement that "[t]he parties agreed to the provisions of the Order[.]" The decision provided that, effective August 13, 2015, Father was ordered to pay $1,700 per month in child support for all children, plus a processing fee. Given

that the oldest child would emancipate on May 21, 2016, effective that date, Father was ordered to pay $1,600 per month in child support for the three children, plus a processing fee. In addition, during both time periods, Mother was ordered to pay the first $100 per calendar year towards each child's uninsured or unreimbursed health care costs, and costs above that amount were apportioned 65% to Father and 35% to Mother. The trial court adopted the decision the same day and entered judgment accordingly.

{¶6} Mother filed objections to the magistrate's decision, and, after the transcript of the hearing was filed, supplemental objections. The objections argued that (1) the magistrate erred by changing the apportionment of uninsured or unreimbursed health care costs because doing so was not part of the agreement of the parties; and (2) the magistrate's decision to apportion 35% of those expenses to Mother was against the weight of the evidence. Subsequently, the trial court overruled the objections.

{¶7} Mother has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ENTERING A JUDGMENT ENTRY WHICH CONTAINED TERMS AND CONDITIONS THAT DID NOT COMPORT FULLY WITH THE SETTLEMENT AGREEMENT REACHED BY THE PARTIES IN COURT SETTLEMENT[.]

{¶8} Mother argues in her first assignment of error that the trial court erred in entering a judgment which did not comport with the parties' settlement agreement. Specifically, Mother argues that the trial court erred by altering the apportionment of uninsured or unreimbursed health care costs because the parties' agreement did not provide for such modification.

{¶9} "[W]e generally review a trial court's action on a magistrate's decision for an abuse of discretion, but do so with reference to the nature of the underlying matter." (Internal

quotations and citations omitted.)  *Harrison v. Lewis*, 9th Dist. Summit No. 28114, 2017-Ohio-275, ¶ 40.

{¶10}  Here, it is true that the transcript contains no agreement by the parties to alter the apportionment of the uninsured or unreimbursed health care costs.  In fact, the transcript does not mention those expenses at all.  Thus, the parties' agreement does not specify how those costs should be apportioned.  Notwithstanding, this Court has held that a trial court can sua sponte alter the terms of a shared parenting plan, including the provisions detailing the allocation of uninsured or unreimbursed health care costs, "if the court determines that the modifications are in the best interest of the children[.]"  *See Dietrich v. Dietrich*, 9th Dist.  Summit No. 26919, 2014-Ohio-4782, ¶ 27, quoting R.C. 3109.04(E)(2)(b); *see also DePalmo v. DePalmo*, 78 Ohio St.3d 535, 540 (1997); R.C. 3119.30(A); R.C. 3119.29(A)(3) (defining health care); R.C. 3119.32(D).  In addition, R.C. 3109.04(E)(2)(a) provides that, when the parents jointly agree to modifications to the terms of  a shared parenting plan, the court can nonetheless reject the modifications if "they are not in the best interest of the children."  Accordingly, to the extent Mother has argued that the trial court lacked authority to alter the apportionment of uninsured or unreimbursed health care costs we overrule her assignment of error.

{¶11}  However, it does not appear from the trial court's judgment entry that the trial court determined that the modification was in the best interest of the children.  We note that no evidence of the parties' incomes and expenses, or stipulations of the same, was presented at the hearing; information which would be vital to the determination of whether the modification was in the children's best interest.  Accordingly, we conclude the trial court erred in ordering the modification.

{¶12}  Mother's first assignment of error is sustained in part and overruled in part.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT'S RULING THAT APPELLANT'S SHARE [OF] UNCOVERED MEDICAL EXPENSES BE INCREASED FROM 7% TO 35% IS BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.

{¶13} Mother argues in her second assignment of error that the trial court erred in increasing Mother's share of the uninsured or unreimbursed health care costs. Specifically, Mother points out that no evidence related to the figures relied on by the trial court in apportioning the costs was admitted at the hearing. In light of this Court's ruling on Mother's first assignment of error, this assignment of error has been rendered moot, and we decline to address it on that basis. *See* App.R. 12(A)(1)(c).

## III.

{¶14} Mother's first assignment of error is sustained in part, and overruled in part. Her second assignment of error has been rendered moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed in part, and reversed in part. The matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL A. PARTLOW, Attorney at Law, for Appellant.

SUSAN K. PRITCHARD, Attorney at Law, for Appellee.